SUBSEQUENT INJURY FUND *v.* RICHARD
A. DEEDS

[No. 306, September Term, 1970.]

*Decided February 25, 1971.*

336

The cause was argued before ORTH, MORTON, and POW-ERS, JJ.

*Albert A. Levin, Special Assistant Attorney General,* for appellant.

*James S. McAuliffe* for appellee.

POWERS, J., delivered the opinion of the Court.

The Subsequent Injury Fund appeals from the granting by the Circuit Court for Montgomery County of a motion by Richard A. Deeds for summary judgment in his favor in an appeal he took from an order of the Workmen's Compensation Commission.

Deeds had filed a claim with the Commission that he was injured October 18, 1965 while changing a tire on an automobile owned by his employer, Government Employees Insurance Company. After various hearings before the Commission it ruled on January 8, 1968 that Deeds had sustained temporary total disability which ended on January 30, 1967, and that any permanent partial disability he suffered was pre-existing.

In December 1956 Deeds was injured while employed as a Trooper by the Maryland State Police, and thereafter was found by the Commission to have sustained a permanent partial disability of 50%. He was paid compensation on that basis. When the Commission in 1968 declined to order compensation for any permanent disability from the 1965 tire changing injury, Deeds appealed for a review in the circuit court. There, in June 1968 a jury found that he had, from the 1965 injury, 50% permanent partial disability of his lumbo-sacral area and 10% permanent partial disability of his left leg. When these findings were transmitted to the Commission, it passed a modified supplemental award against the employer and insurer for the disabilities found by the jury. On October 23, 1969, it declined to award additional compensation against the Subsequent Injury Fund, giving as its reason that the Fund was not a party to the claim at the initial hearings nor in the court, and further proceedings against it would be *res judicata*. It was from this last order that Deeds appealed a second time to the circuit court and it is that case which is now before us.

It is true that the Subsequent Injury Fund was not a "party" before the Commission or in the circuit court, for the very good reason that it had no capacity or standing to be a party. A similar chain of procedural steps, and the status of the Fund under Code, Art. 101, § 66 and § 56 were involved in *Subsequent Injury Fund v. Howes*, 11 Md. App. 325. We need not repeat what we said there. Again we have the incongruity of a circuit court appeal filed by a claimant against his employer and its insurer, neither of which has any interest in it; an appearance on behalf of the Fund as a "party" when it had no capacity to be a party; a motion by the claimant for a summary judgment "in his favor", not specifying against what or whom; and the granting of that motion by the court.

Under the provisions of Code, Art. 101, § 56 (a) effective April 23, 1969, we think the Fund could be an aggrieved person with the right to appeal from the circuit court to this court.

Appellant makes four points in its brief:

1. That the circuit court lacked jurisdiction to render a judgment against it, since it was not a party before the Commission, and the Commission was the tribunal of first instance.

2. If there should be an award against the Fund, there should be a percentage credit for the Claimant's prior compensated injury.

3. and 4. Any claim against the Fund is barred by limitations, or Claimant is estopped to assert it.

The answers to his points, not in the same order, are:

1. The circuit court did not act as a tribunal of the first instance, and it did have jurisdiction to conclude that the Commission had misconstrued the law concerning the Fund as a party, and to modify the order appealed from. It did not specifically enter a judgment against the Fund, even though correct application of the law by the Commission thereafter could result in an award against it.

3. and 4. Defenses of limitations and estoppel, as well as *res judicata* are not appropriate to the Fund's status or function.

2. Whether credit, in terms of percentage or of absolute dollars, should offset any award against the Fund, need not be decided unless there is such an award.

We conclude that without a further factual determination there cannot be an award for payments from the Fund. Code, Art. 101, § 66 (1) provides in part:

> "Benefits from the Subsequent Injury Fund hereunder shall not be payable unless the combined effects resulting from a previous impairment and a subsequent accidental injury result in a permanent disability exceeding 50 per centum (50%) of the body as a whole."

The percentages of disability found by the jury relate to the lumbo-sacral area and to the left leg. There could be no significant result obtained by adding a percentage of pre-existing disability of the body as a whole to figures for disability of the lumbo-sacral area and of the leg, since they are not related to the same whole. There has

been no finding of Claimant's present disability of the body as a whole, in terms of percentage or in any other terms, nor of the percentage of his pre-existing disability. Such findings must be made by the Commission, as the fact finding tribunal of the first instance, upon consideration by it of proper evidence of the present percentage of permanent disability of the body as a whole, and of that portion of such disability which pre-existed the injury of October 18, 1965.

We shall treat the circuit court's action as a partial judgment, having only the effect of ruling that the Commission misconstrued the law when it concluded that *res judicata* barred a claim against the Fund because it was not a party. The case should go back to the Commission for such further proceedings as may be appropriate.

Under Maryland Rule 1071 a we shall remand for further proceedings in accordance with this opinion.

> *Case remanded, without affirmance or reversal, for further proceedings in accordance with this opinion. By agreement, each side will pay its own costs in this court.*